JOHN NAZIONALE *vs.* SADIE HUTCHINSON.

Third Judicial District, Bridgeport, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 6th—decided December 12th, 1930.

*George N. Finkelstone,* with whom, on the brief, was *Hugh J. Lavery,* for the appellant (plaintiff).

*Joseph G. Shapiro,* with whom was *Harry B. Dinerstein,* and, on the brief, *Harry Allison Goldstein* and *Charles S. Brody,* for the appellee (defendant).

PER CURIAM. The plaintiff claimed to recover for injuries due to being struck by the defendant's automobile while he was walking across the street. If the jury believed the testimony offered by the defendant, as they clearly had a right to do, the verdict for her has ample support and the trial court committed no error in refusing to set it aside.

The trial court was correct in its charge in restricting the plaintiff's right to recover to the particular specifications of negligent conduct in the complaint;

the sweeping allegation it contained of violations of the statutes governing the operation of automobiles is restricted by its reference to the particular specifications through the use of the words "as aforesaid." The statement of the trial court that from the mere evidence of the skidding of the car the jury would not be justified in finding that it was not equipped with proper brakes was a justifiable comment. The use by the court in explaining the doctrine of last clear chance of the illustration of a man lying upon a trolley track could not, certainly in view of its full and clear charge upon this matter, have misled the jury, and the facts claimed to have been proven did not reasonably require an instruction as to the zone of danger.

In summing up, the court instructed the jury that the plaintiff could recover if they found that he was free from contributory negligence materially or essentially contributing to the injury, that the operator of the defendant's car was negligent in one or more of the ways alleged and that this negligence was the proximate cause of the plaintiff's injury, or if they reached the conclusion that, though they could not find the plaintiff free from contributory negligence, he had proved that the defendant was negligent in one or more of the ways specified and that this negligence was the proximate cause of the plaintiff's injury; but, if they could not find that the plaintiff was free of any negligence materially or essentially contributing to his injury or did not find that the defendant was negligent in one or more of the ways specified and that this negligence was a proximate cause of the injury he could not recover. Ordinarily, in summing up a charge in an action involving the doctrine of the last clear chance, it is better, and usually necessary, to make distinct reference to application of that doctrine. But, in the instant case, the complaint contains an explicit allegation of liability

under that doctrine, and the trial court clearly and emphatically told the jury that if the conditions bringing it into operation were established any negligence on the part of the plaintiff would not be the proximate cause of his injury. The charge was therefore logically correct and could not have misled the jury. No fault can be found with the statement of the trial court that one cannot take an unnecessary or unreasonable chance in crossing a street, when it is read in the context in which it was used.

There is no error.